**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AUSTIN KERR,<br>　　*Plaintiff*,<br><br>　　v.<br><br>DEPUTY WARDEN ROACH, WARDEN MULLIGAN, LIEUTENANT DELPESCHIO, CAPTAIN OGANDO, LIEUTENANT QUINTANA, CAPTAIN DOROSKO, C.T.O. FIORE, C.O. THOMAS, C.O. STONE, C.O. TYLER, C.O. POWELL, C.O. TANSKI, C.O. SARTORI, C.O. FAURIER, and C.O. ROCKCLIFFE,<br>　　*Defendants*. | No. 3:19-cv-988 (VAB) |

**INITIAL REVIEW ORDER**

On June 25, 2019, Austin Kerr ("Plaintiff"), proceeding *pro se* and currently in the custody of the Department of Correction ("DOC") at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, filed a Complaint under 42 U.S.C. § 1983, concerning an incident in which he was pepper sprayed at the MacDougall-Walker Correctional Institution ("MacDougall-Walker") on March 1, 2019.

In his original Complaint, Mr. Kerr named five employees who worked at MacDougall-Walker: Warden Hines, Captain Ogandi, Captain Black, Lieutenant Delpeschio, and Correction Officer Stone.[1] Compl., ECF No. 1 (June 25, 2019).

On July 19, 2019, Mr. Kerr filed a document entitled "Amended Complaint" that attached exhibits but contained no factual allegations. Am. Compl., ECF No. 8 (July 19, 2019).

---

[1] On June 28, 2019, Magistrate Judge William I. Garfinkel granted Mr. Kerr's motion to proceed *in forma pauperis*. Order, ECF No. 7 (June 28, 2019).

On February 3, 2020, Mr. Kerr filed another amended Complaint ("Second Amended Complaint"), which alleged facts concerning the pepper spraying incident on March 1, 2019, but named several new defendants. Second Am. Compl., ECF No. 11 (Feb. 3, 2020).

For the reasons stated below, the Court will **DISMISS** the allegations in the Second Amended Complaint under 28 U.S.C. § 1915A.

I.     **FACTUAL[2] AND PROCEDURAL BACKGROUND**

On March 1, 2019, at approximately 10:55 a.m., Mr. Kerr allegedly was involved in an altercation with another inmate during lunch, which prompted several correction officers to respond. Second Am. Compl. ¶¶ 25–26. When the correction officers arrived, Mr. Kerr allegedly was tackled to the ground, and with his face down, he was handcuffed behind his back. *Id.* ¶¶ 26–27. Although Mr. Kerr allegedly was compliant as he was lying face down and handcuffed, he allegedly was sprayed with a chemical agent. *Id.* ¶¶ 28–29. Unit staff allegedly neglected to video record the pepper spraying incident. *Id.* ¶ 30. Mr. Kerr allegedly remained on the ground with pepper spray on his face for several minutes allegedly without medical attention, and then he was escorted to the Restrictive Housing Unit ("RHU"). *Id.* ¶ 31. During this escort, Mr. Kerr allegedly asked why he was pepper sprayed and allegedly was told to shut up or he would be sprayed again for resisting. *Id.* ¶ 32.

Mr. Kerr allegedly was placed in a hot shower in the RHU, during which his nose began bleeding. *Id.* ¶ 33. He allegedly sat handcuffed in the RHU dayroom for several minutes; he allegedly was perplexed about having been pepper sprayed while handcuffed, and he allegedly wished to be placed in his cell so that he could run cold water on his face. *Id.* ¶ 34. He alleges

---

[2]All factual allegations are drawn from the Second Amended Complaint, which is the operative complaint.

2

staff did not communicate the seriousness of the situation to the medical staff, and upon arrival, the nurse allegedly stated, "You guys should have called me for him first." *Id.* ¶ 35.

Mr. Kerr allegedly was not treated with the chemical which reverses the effects of the chemical agent sprayed on him. *Id.* ¶ 36. Mr. Kerr also allegedly remained for several minutes with a cover over his head, handcuffed and barely able to breath. *Id.* ¶ 37.

Mr. Kerr allegedly was then placed in his cell. *Id.* ¶ 38.

On June 25, 2019, Mr. Kerr filed his original Complaint. Compl.

On July 19, 2019, Mr. Kerr purportedly filed an Amended Complaint, although it contained no factual allegations. Am. Compl.

On February 3, 2020, Mr. Kerr filed the Second Amended Complaint against fifteen employees[3] at MacDougall-Walker: Deputy Warden Roach, Warden Mulligan, Lieutenant DelPeschio, Captain Ogando, Lieutenant Quintana, Captain Dorosko, Correctional Treatment Officer Fiore, and Correction Officers Thomas, Stone, Tyler, Powell, Tanski, Sartori, Faurier, and Rockcliffe. *Id.* ¶¶ 5–20. Mr. Kerr seeks damages and an injunction. *Id.* ¶¶ 39–43.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory);

---

[3] The Court notes that Mr. Kerr is no longer suing Warden Hines or Captain Black, and he appears to have corrected Captain Ogandi's name to Ogando.

3

*Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d

4

399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.     DISCUSSION

Although he does not expressly state the nature of his claims, Mr. Kerr appears to allege that the defendants used excessive force and failed to treat his injuries properly, after the incident on March 1, 2019.

Because Mr. Kerr was a pretrial detainee[4] at the time of the alleged violations, his claims are properly analyzed under the Fourteenth Amendment Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Both claims, however, cannot proceed as currently alleged.

In order to state a claim for excessive force under the Fourteenth Amendment, Mr. Kerr "must show . . . that the force purposely or knowingly used against him was objectively unreasonable." *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL 4604306, at *10 (D. Conn. Sept. 25, 2018) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "'[O]bjective reasonableness turns on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473). In *Kingsley*, the United States Supreme Court identified several relevant factors a court may consider in determining the reasonableness or unreasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of

---

[4] State judicial records show that Mr. Kerr was arrested on April 16, 2018 on several charges, pled guilty on November 14, 2019, and was sentenced on January 23, 2020. *State v. Kerr*, No. HHD-CR18-0695940-T (Conn. Super. Ct. Apr. 1, 2019). *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record").

> the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. The determination is made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.*

To prevail on a claim that correction officials acted with deliberate indifference to his safety or medical needs, a plaintiff:

> must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the . . . detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Taylor v. City of New York*, No. 3:16-CV-7857 (NRB), 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018) (quoting *Darnell*, 849 F.3d at 35); *see also Garcia v. Univ. of Conn. Health Care Ctr.*, No. 3:16-CV-852 (JCH), 2018 WL 5830840, at *9 (D. Conn. Nov. 7, 2018).

Mr. Kerr's allegations of being pepper sprayed, while in restraints and not resisting, suggests a claim of excessive force. The staff's alleged failure to decontaminate him properly from the chemical agent and to call medical staff suggests a claim of deliberate indifference.

Mr. Kerr, however, has not stated a plausible Fourteenth Amendment claim because he has not alleged the personal involvement of any of the named defendants. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

The Court notes that Mr. Kerr's initial Complaint did allege that Lieutenant Delpeschio sprayed him with the chemical agent; however, in the Second Amended Complaint, which is the operative complaint, he fails to allege who sprayed him, and he alleges only acts by unnamed

"correctional officers," "officers," "unit staff," or "staff." *See* Second Am. Compl. ¶¶ 26, 27, 28, 29, 30, 35. Mr. Kerr must provide factual allegations that identify how each defendant was involved by their words or conduct in the asserted use of excessive force and deliberate indifference to his medical needs.

With respect to any supervisory defendants, Mr. Kerr cannot sue a defendant for damages solely because of his supervisory position. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). He may only recover damages against a supervisory official by showing that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

In addition to satisfying one of these requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation. *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014); *see also Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) (plaintiff must show "an affirmative causal link" between the supervisor's involvement and the constitutional injury). A general allegation of a failure to supervise subordinates is insufficient to establish personal involvement without a factual connection

between that supervisory defendant's alleged failure and the alleged resulting harm to the plaintiff. *See Samuels v. Fischer,* 168 F. Supp. 3d 625, 639 (S.D.N.Y. 2016) (collecting cases).

Because Mr. Kerr has not alleged how any of the defendants are personally involved in the incident on March 1, 2019, all of Mr. Kerr's claims must be dismissed under 28 U.S.C. § 1915A(b)(1).

Mr. Kerr, however, will be permitted to file a third amended complaint, to the extent that he can allege specifically how each defendant had personal involvement in the use of excessive force and medical deliberate indifference on March 1, 2019.

## IV.  CONCLUSION

For the foregoing reasons, the Second Amended Complaint [**ECF No. 11**] is **DISMISSED** for failure to state a plausible claim under 28 U.S.C. § 1915A(b)(1).

Mr. Kerr may file an amended complaint by **July 10, 2020,** alleging the personal involvement of each individual defendant in the March 1, 2019 incident.

Failure to file an amended complaint by **July 10, 2020** may result in dismissal of this action with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of May, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE